```
UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF TENNESSEE
           at GREENEVILLE
```

| | |
|---|---|
| REBECCA ROBERTSEN, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | Case No. 2:09-cv-245 |
| v. ) | Judge Mattice |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
|    *Defendant*. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Rebecca Robertsen brought this action for judicial review of the final decision of the Commissioner of Social Security that she was not disabled under the Social Security Act. The Court referred this matter to Magistrate Judge William B. Mitchell Carter pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and Recommendation ("R&R").

Magistrate Judge Carter entered his R&R [Court Doc. 17] on January 27, 2011, recommending that Plaintiff's Motion for Summary Judgment [Court Doc. 13] be denied and that Defendant's Motion for Summary Judgment [Court Doc. 15] be granted. Plaintiff has filed a timely objection to the R&R [Court Doc. 18].

For the reasons stated below, the Court will **OVERRULE** Plaintiff's objection and will **ACCEPT AND ADOPT** Magistrate Judge Carter's Report and Recommendation.

**I.     STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the

R&R to which objections have been made, the Court will directly review the circumstances leading to the determination that Plaintiff was not disabled. *Id.*

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II. FACTS

Magistrate Judge Carter's R&R fully sets forth the relevant facts in this case. There have been no objections to the relevant facts as set forth in the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS BY REFERENCE** the "Review of Relevant Evidence" section of the R&R. (Court Doc. 17, R&R at 5-16.)

## III. ANALYSIS

Plaintiff objects to Magistrate Judge Carter's finding that the ALJ did not err in rejecting the opinion of Plaintiff's treating psychiatrist and a social worker at Cherokee Health Systems. (Court Doc. 18, Pl.'s Objs. at 1.) Plaintiff argues that her mental limitations are more severe than those found by the ALJ in his decision and that the decision was not supported by substantial evidence. (*Id.* at 1-2.) Plaintiff asserts that if proper weight was accorded to that opinion, the testimony of the vocational expert ("VE") would result in a finding of disability. (*Id.*)

Plaintiff refers to the Medical Assessment of Ability to Do Work-Related Mental Activities completed by Dr. Sukhender Karwan and David Miller, LCSW. (Transcript ("Tr.") at 794-95.) In this assessment, Dr. Karwan and Mr. Miller opined that Plaintiff had poor

to no abilities in ten out of fifteen areas -- relating to co-workers, dealing with the public, using judgment with the public, interacting with supervisors, dealing with work stresses, maintaining attention and concentration, understanding, remembering, and carrying out complex job instructions, behaving in an emotionally stable manner, relating predictably in social situations, and demonstrating reliability. (*Id.*) Plaintiff had fair abilities in the remaining five categories. (*Id.*) At the hearing, the VE testified that an individual with this assessment could not perform any jobs. (*Id.* at 1121.)

Magistrate Judge Carter concluded that the ALJ properly considered this assessment, but rejected the ultimate opinion of Dr. Karwan and Mr. Miller because it was not supported by other evidence in the record or their own treatment notes. (R&R at 17.) Magistrate Judge Carter noted that Mr. Miller routinely indicated that Plaintiff had normal findings on mental status examinations and presented with a mildly depressive and anxious mood. (*Id.* at 18.) Plaintiff's GAF scores were consistent and ranged from 52 to 58, which indicates only moderate symptoms. (*Id.*) The ALJ instead gave more weight to the opinion of the state agency psychologist, Dr. Joslin, because her findings generally indicated moderate limitations that were on par with the other evidence in the record. (*Id.* at 18-19.) Magistrate Judge Carter concluded that there was substantial evidence to support the ALJ's decision as to Plaintiff's mental abilities and that the ALJ's rejection of the assessment by Dr. Karwan and Mr. Miller was reasonable. (R&R at 21-22.)

The Court agrees with Magistrate Judge Carter's conclusion. In the R&R, Magistrate Judge Carter reproduced a section from the ALJ's decision where he described in sufficient detail his reasons for rejecting Dr. Karwan and Mr. Miller's opinion. (*Id.* at 21.)

The section need not be reproduced here as well, as it speaks for itself. The ALJ carefully considered the assessment in conjunction with other evidence in the record and Dr. Karwan and Mr. Miller's treatment notes, and he essentially found a conflict. The ALJ resolved this conflict by giving more weight to other evidence in the record and their own treatment notes, which spanned over time, rather than a one-time assessment. The Court finds that Magistrate Judge Carter properly concluded that the ALJ's rejection of the assessment was reasonable.

Plaintiff also argues that the Psychiatric Review Technique Form ("PRTF") and the Mental Residual Functional Capacity ("MRFC") completed by state agency psychologist Rebecca Joslin were not adequately considered by the ALJ because the VE testified that if Plaintiff had the limitations outlined in Dr. Joslin's report, there would be no jobs available. (Pl.'s Objs. at 1-2; Tr. at 944-61; 1121.) If proper weight were accorded to this opinion, Plaintiff asserts that it would direct a finding of disability. (Pl.'s Objs. at 2.)

Magistrate Judge Carter reviewed Dr. Joslin's PRTF and MRFC at length and found that Dr. Joslin's indication of Plaintiff's abilities in Section I of the MRFC (which include one marked and mostly moderate limitations) was only a preliminary tool to make the residual functional capacity ("RFC") determination in Section III. (R&R at 19.) Magistrate Judge Carter concluded that the ALJ could not include Dr. Joslin's preliminary limitations in his RFC finding and instead had to rely on Dr. Joslin's conclusions in Section III. (*Id.* at 19-20.) Moreover, the ALJ incorporated the primary restriction in Dr. Joslin's conclusions when he

limited Plaintiff to working with objects rather than people.[1]  (*Id.* at 20.)

It appears that the ALJ did carefully consider Dr. Joslin's report and, in fact, found that the evidence in the record concurred with Dr. Joslin's conclusion that Plaintiff was only moderately limited in most areas.  (Tr. at 591.)  Specifically, the ALJ wrote that Plaintiff had "moderate limitations in the area of social functioning and in the area of concentration, persistence or pace." (*Id.*)  This, along with the ALJ's limitation that Plaintiff be restricted to working with objects rather than people, accurately represents Dr. Joslin's conclusions in Section III of the report.  The hypothetical question posed to the VE included the markings Dr. Joslin made in every category of Section I of the report and did not focus on Dr. Joslin's conclusions.  These conclusions, however, were adequately incorporated into the ALJ's decision, his determination of Plaintiff's limitations, and his hypothetical question for the VE.  Accordingly, the Court agrees with Magistrate Judge Carter's conclusion that the ALJ properly considered Dr. Joslin's report.

The Court agrees with Magistrate Judge Carter's conclusion that the decision of the ALJ is supported by substantial evidence.  Therefore, Magistrate Judge Carter's R&R is **ACCEPTED and ADOPTED** in its entirety.  Plaintiff's objection to the R&R is **OVERRULED**.  Plaintiff's Motion for Summary Judgment is **DENIED** and the Commissioner's Motion for Summary Judgment is **GRANTED**.

---

[1] Dr. Joslin's main restriction was that Plaintiff was "unable to interact approp[riately] with general public."  Otherwise, Plaintiff was able to understand and follow simple and detailed instructions, able with some difficulty to maintain attention, concentration, persistence and pace and be around others without distraction, and able with some difficult to adapt to changes.  (Tr. at 960.)

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

- Magistrate Judge Carter's Report and Recommendation [Court Doc. 17] is **ACCEPTED AND ADOPTED** in its entirety;

- Plaintiff's Objection [Court Doc. 18] to Magistrate Judge Carter's Report and Recommendation is **OVERRULED**;

- Plaintiff's Motion for Summary Judgment [Court Doc. 13] is **DENIED**; and

- The Commissioner's Motion for Summary Judgment [Court Doc. 15] is **GRANTED**.

A separate judgment will enter.

**SO ORDERED** this 11th day of February, 2011.

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE